**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  09-cv-00003-REB-BNB

MYA ADAMS, et al,

      Plaintiffs,

v.

APARTMENT INVESTMENT AND MANAGEMENT COMPANY,
AIMCO PROPERTIES,LP., and
AIMCO BETHESDA HOLDINGS, INC.,

      Defendants.

---

**ORDER RE: JOINT MOTION FOR APPROVAL OF
COLLECTIVE ACTION SETTLEMENT**

---

**Blackburn, J.**

      The matter before me is the **Joint Motion For Approval of Collective Action Settlement** [#19][1] filed May 26, 2009.  After reviewing the motion and the record, I conclude that the motion should be approved, but only as to the parties in this case.[2]

      **THEREFORE, IT IS ORDERED** as follows:

      1.  That the **Joint Motion For Approval of Collective Action Settlement** [#19] filed May 26, 2009, is **APPROVED**, but only as to the parties in this case, without

---

[1] "[#19]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] This qualification is required because the joint motion requests approval on behalf of 378 plaintiffs, only 38 of whom are named and included in this case. *See* Joint Motion [19] at 4, ¶ 12. Thus, my jurisdiction extends only to the parties in this case.

further hearing or argument[3];

2.  That the **Settlement Agreement** [#18] filed under seal on May 26, 2009, is

**APPROVED**, but only as to the parties in this case, and its terms and provisions are

**ORDERED IMPLEMENTED** effective forthwith, but only as to the parties in this case;

and

3.  That each party to this action **SHALL PERFORM** all relevant provisions of the

**Settlement Agreement** [#18].

Dated May 28 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[3] The joint motion and concomitant **Settlement Agreement** [#18] filed under seal on May 26, 2009, are sufficiently circumstantiated; thus, obviating the necessity for an evidentiary hearing or oral argument.